## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHER RABITH ALWARHANI ALWARHANI,<br><br>         Petitioner,<br><br>v.<br><br>ADELANTO ICE PROCESSING CENTER, et al.,<br><br>         Respondents. | No. 2:26-cv-01487-JAK (DTBx)<br><br>**ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. 2)** |

1

On March 27, 2026, Shaher Rabith Alwarhani Alwarhani ("Petitioner"), a Venezuelan citizen who is detained in immigration custody, filed a petition for writ of habeas corpus, which alleges the following facts. Dkt. 1 ("Petition").

After entering the United States in 2022, Petitioner was released by Respondents on an Order of Supervision ("OSUP"). Dkt. 1 ¶¶ 26–27. Petitioner reportedly has complied with the terms of his OSUP. *Id.* ¶ 28. Petitioner also reportedly has no criminal convictions. *Id.* ¶ 55. Although Petitioner was later ordered removed, that removal order is not yet administratively final because Petitioner has filed an appeal to the Board of Immigration Appeals ("BIA") based on his asylum claim. *See id.* ¶¶ 31–33.

On February 24, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 34. Respondents did not provide Petitioner notice that his OSUP would be revoked or an opportunity to respond prior to his arrest. *Id.* ¶¶ 40–44. Petitioner is now detained at Adelanto Detention Facility in Adelanto, California, and has not received a bond hearing pursuant to 8 U.S.C. § 1226(a). *See id.* ¶¶ 45–46. Petitioner contends that his detention violates the Immigration and Nationality Act, the Administrative Procedure Act, and his due process rights under the Fifth Amendment. Dkt. 1 ¶¶ 67–144.

The same day this action was brought, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 2 ("Motion"). Through the Motion, Petitioner seeks release from immigration detention or, in the alternative, a "prompt individualized bond hearing before an Immigration Judge" at which Respondents must prove that detention is justified by clear and convincing evidence, among other remedies. Dkt. 2 at 16.

Respondents filed a notice of non-opposition to the Motion on April 1, 2026. Dkt. 8 ("Notice"). The Notice does not provide any substantive response to Petitioner's arguments. The Notice also does not state a position on whether Petitioner's release is appropriate. Instead, Respondents represent only that they "are not presenting an

opposition argument with respect to providing Petitioner a bond hearing at this time." *Id.* at 2. Based on a review of the parties' submissions, it has been determined that this matter can be decided without oral argument and is taken under submission pursuant to Local Rule 7-15.

That Respondents declined to "present[] an opposition argument" as to certain relief requested through the Motion could be construed as an admission that the Motion has merit. Dkt. 8 at 2. Moreover, based on a review of the Petition and the Motion, Petitioner has established that: (1) he is likely to succeed on the merits for the reasons stated in the Motion; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; and (3) the balance of equities tips in his favor such that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Therefore, the Motion is **GRANTED IN PART**, as follows. Respondents are **ENJOINED** from continuing to detain Petitioner unless, within seven days after the issuance of this Order, they provide Petitioner with an individualized bond hearing before an immigration judge, where Respondents bear the burden of establishing that continued detention is justified by clear and convincing evidence.[1] The immigration judge shall be advised that he or she has jurisdiction to consider whether a bond for Petitioner is appropriate pending the completion of Petitioner's immigration proceedings.

Within eight days after the issuance of this Order, Respondents shall file a joint status report as to whether the bond hearing has occurred, and if not, if it has been scheduled and if so, for what date. If it has occurred, the report shall include a statement

---

[1] No bond is required under Rule 65 because Respondents have provided no evidence of costs they will incur in complying with this Order. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").

3

as to its outcome and the parties' respective and/or collective positions as to whether the habeas petition is moot.

This Order is without prejudice to Petitioner's filing a renewed application for further preliminary relief. Based on a review of Respondents' status report, or any forthcoming application filed by Petitioner, a determination will be made whether to issue an order requiring Respondents to show cause why the Court should not issue a preliminary injunction.

**IT IS SO ORDERED.**

Dated:  April 1, 2026

_____
John A. Kronstadt
United States District Judge

4