# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SHAHER RABITH ALWARHANI ALWARHANI,

        Petitioner,

v.

ADELANTO ICE PROCESSING CENTER, et al.,

        Respondents.

No. 5:26-cv-01487-JAK (DTBx)

**ORDER ACCEPTING WITH MODIFICATIONS MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 18)**

1

On March 27, 2026, Shaher Rabith Alwarhani Alwarhani ("Petitioner"), a Venezuelan citizen who has been detained in immigration proceedings, filed a Petition for Writ of Habeas Corpus. Dkt. 1 ("Petition"). The same day, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 2 ("Motion"). Through the Motion, Petitioner sought release from immigration detention or, in the alternative, a "prompt individualized bond hearing before an Immigration Judge" at which Respondents must prove that detention is justified by clear and convincing evidence, among other remedies. Dkt. 2 at 16. After Respondents filed a notice of non-opposition to the Motion (Dkt. 8), on April 1, 2026, the Motion was granted in part. Dkt. 10. The April 1, 2026 Order enjoined Respondents from continuing to detain Petitioner unless he was promptly provided a bond hearing before an Immigration Judge.  Dkt. 10 at 3.

On April 9, 2026, Respondents reported that Petitioner was provided a bond hearing on April 8, 2026. Dkt. 12. The Immigration Judge issued an order on April 9, 2026, which denied bond to Petitioner based on a determination that the Department of Homeland Security ("DHS") had "established by clear and convincing evidence that [Petitioner] is both a danger and a flight risk." Dkt. 12-1 ("Bond Denial Order") at 1. Specifically, the Bond Denial Order found that Petitioner was a danger to the community based on his prior citations and arrests for driving-related offenses after Petitioner's entry into the United States in September 2022. *Id.* at 2. These included: driving without a license on December 17, 2022; failing to provide proof of insurance; failing to obey signs and signals; driving  above the 65-miles-per-hour speed limit; driving with unsafe speed for conditions; exceeding the speed limit on a two-lane highway; failing to register a vehicle; and aiding an exhibition of speed in February 2026, which evince a "strong disdain for the rules that govern the use of automobiles." *Id.* (quoting *Matter of Choc-Tut*, 29 I&N Dec. 48, 50 (B.I.A. 2025)). The Bond Denial Order also found that Petitioner was a flight risk because "[t]he evidence shows repeated failures to appear,

2

pay fines, or otherwise resolve his tickets," which evinced a "disregard for court orders." *Id.*

The Petition was referred to Magistrate Judge Bristow for the preparation of a Report and Recommendation ("R&R"). Dkt. 13 at 2–3; *see also* C.D. Cal. General Order No. 05-07 at 2. On June 15, 2026, the R&R was issued. Dkt. 18. It recommends the following: (1) grant Count III[1] of the Petition; (2) order Respondents to release Petitioner (A 243-122-858) from custody, subject to the same conditions (if any) to which Petitioner was subject at the time he was arrested and detained; (3) return all property confiscated from him at the time of his arrest and processing into detention; (4) enjoin Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (5) order Respondents to file a status report within two business days of the issuance of the order to confirm that Petitioner has been released from custody. *Id.* at 13.

Respondents objected to the R&R on four grounds: (1) Petitioner must exhaust administrative remedies by appealing the Bond Denial Order to the Board of Immigration Appeals ("BIA") before "invoking any relief from this Court," (Dkt. 21 at 3–5); (2) the forward-looking injunction proposed in the R&R exceeds the jurisdiction of a district court, which is circumscribed by 8 U.S.C. §§ 1226(e), 1252(b)(9), and 1252(g), and is beyond the power of an Immigration Judge (Dkt. 21 at 5–8); (3) the statutory and regulatory framework governing Petitioner's detention does not require a pre-deprivation hearing (Dkt. 21 at 9); and (4) Petitioner has not shown that his detention has become unreasonably prolonged as required under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. 21 at 9.

---

[1] After finding that Petitioner was entitled to relief on Count III, the Magistrate Judge did not address the remaining claims advanced in the Petition. Dkt. 18 at 13 n.4.

3

Pursuant to 28 U.S.C. § 636, in connection with the consideration of the objections to the R&R, a review of the Petition (Dkt. 1), the corresponding records, and the R&R has been conducted. Dkt. 14. This included a *de novo* review of those portions of the R&R to which objections have been made. Based on this review, it has been determined that the R&R, which is well-reasoned, will be adopted with certain modifications that are stated in this Order.

Most of Respondents' objections to the R&R are unpersuasive. *First*, the R&R did not find that the Immigration Judge erred in denying Petitioner bond. Instead, it concluded that, despite the bond hearing, release remained an appropriate remedy in response to the Petition to return Petitioner to the status quo as of the time of his initial detention. Dkt. 18 at 12. The basis for this determination was that the initial detention violated Petitioner's procedural due process right to "notice and opportunity for a hearing before a neutral adjudicator" before he was detained by Respondents. *Id.* Respondents have not made a specific objection to the determination in the R&R that Petitioner's initial detention, without prior notice and hearing, was a violation of procedural due process that itself warrants immediate release. *See Kumar v. Rios*, No. 26-CV-1988, 2026 WL 1764923, at *7 (C.D. Cal. June 12, 2026) (collecting cases where courts "have ordered release even where a belated bond hearing has taken place"). Thus, whether Petitioner must exhaust administrative remedies before seeking judical review of the Bond Denial Order is immaterial to the relief proposed in the R&R, which was not premised on a review of the Bond Denial Order.[2]

*Second*, 8 U.S.C. §§ 1226(e), 1252(b)(9), and 1252(g) do not bar subject matter jurisdiction for the same reasons stated in *Venega-Maltez v. Semaia*, No. 26-CV-525, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026). Respondents' reliance on *Munaf v.*

---

[2] Further, even if the R&R were premised on the Bond Denial Order, it is not likely that administrative exhaustion would be required. *See Lu v. L.A. Field Dir.*, No. 26-CV-575, 2026 WL 1455320, at *8 (C.D. Cal. Apr. 15, 2026).

4

*Geren*, 553 U.S. 674 (2008), is not persuasive. Dkt. 21 at 6. The relief sought here -- an injunction barring Petitioner's re-detention unless Respondents comply with the procedural due process rights of Petitioner -- is not analogous to the relief sought in *Munaf*. That relief was "an injunction prohibiting" the United States from transferring American citizens "to Iraqi custody" for the purposes of prosecution when it was conceded that Iraq had lawful sovereign authority to do so. *Munaf*, 553 U.S. at 697–98. That relief was unavailable through a habeas petition because federal courts lack jurisdiction to "preclude[] the Executive from transferring a prisoner to a foreign country for prosecution in an allegedly unconstitutional trial." *Id.* at 695; *see also id.* at 697 ("[H]abeas is not a means of compelling the United States to harbor fugitives from the criminal justice system of a sovereign with undoubted authority to prosecute them."). The Petition in this matter is does not raise issues as to foreign affairs and international comity, but only routine ones as to immigration detention. Thus, Petitioner seeks release from custody as "a remedy for unlawful executive detention," which falls within the "core" of habeas relief. *Id.* at 693.

Also unpersuasive is Respondents' argument that Immigration Judges "do not have the legal authority or jurisdiction to conduct a 'pre-deprivation' custody redetermination hearing" and that the federal courts cannot "give Immigration Judges additional authorities." Dkt. 21 at 8–9. "The power to order a bail hearing before an immigration judge is the type of practice and workable remedy within the district court's broad equitable powers." *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1114 (S.D. Cal. 2008). Pursuant to 8 C.F.R. § 1236.1(d), Immigration Judges are expressly "authorized to exercise the authority" delegated to the Attorney General in 8 U.S.C. § 1226 to either "detain" or "release" on bond persons in removal proceedings.[3] As the R&R determined

---

[3] Although other regulations state that Immigration Judges do not have the authority to conduct bond hearings in certain situations, 8 C.F.R. § 1003.19(h)(2), Respondents have neither argued nor shown that any of those provisions apply here.

5

-- and Respondents do not now contest -- to comply with the Due Process Clause, prior to the person's initial detention and before any bond hearing before an Immigration Judge, the person must have first received notice and an opportunity to prepare to contest the planned detention at a bond hearing before an Immigration Judge. These procedural protections do not require a directive by a district court to an Immigration Judge. Rather, they only require that an Immigration Judge exercise their existing authority to conduct bond hearings to determine whether persons in removal proceedings should be "detain[ed]" or "release[d]" on bond. 8 C.F.R. § 1236.1(d). Respondents cite no authority for their claim that it is "legally impossible for DHS to abide by the Petitioner's proposed relief as written." Dkt. 21 at 9.

As Respondents note, on March 3, 2026, an Immigration Judge issued an order of removal as to Petitioner. Dkt. 21-1. That order of removal is not yet administratively final because Petitioner filed a timely appeal of it to the BIA. *Id.*; 8 C.F.R. § 1241.1 (defining when order of removal becomes administratively final). If the order of removal becomes administratively final, Respondents may seek to detain Petitioner to effectuate the order of removal pursuant to 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ."). However, Petitioner has been detained pursuant to a distinct detention statute, 8 U.S.C. § 1226(a), which permits detention during removal proceedings prior to the entry of a final order of removal. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058–59 (9th Cir. 2008). Because Petitioner is not yet subject to a final order of removal, it would be premature to issue an injunction that constrained Respondents' ability to detain Petitioner pursuant to 8 U.S.C. § 1231. As Respondents argue, "[a] permanent injunction reaching every conceivable future re-arrest sweeps" too broadly because it could constrain Respondents' ability to exercise their authority under the Immigration and Nationality Act in ways that are not at issue in this action. Dkt. 21 at 7.

6

Therefore, the injunction recommended in the R&R is modified to clarify that it applies only to any future attempt to re-detain Petitioner pursuant to 8 U.S.C. § 1226(a). That narrowed injunctive relief is appropriately tailored to address the finding in the R&R that Respondents violated the Due Process Clause by detaining Petitioner initially without first providing notice and an opportunity to be heard on whether detention was justified. *See* Dkt. 21 at 7 (citing *United States v. Morrison*, 449 U.S. 361, 364 (1981) ("[R]emedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests."); *Lu v. L.A. Field Dir.*, No. 26-CV-575, 2026 WL 1455317, at *4 (C.D. Cal. May 7, 2026) (enjoining future re-detention under § 1226(a), without adequate process, based on evidence that similarly situated persons had been re-detained by DHS following release on bond without adequate process). "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

*Third*, Respondents argue that requiring a pre-deprivation hearing before re-detention would be "erro[r]" because there is a "statutory and regulatory framework that already governs revocation of an OSUP [Order of Supervision] . . . ." Dkt. 21 at 9 (citing 8 U.S.C. § 1231, 8 C.F.R. §§ 241.4(l) and 241.13(i)(3)). That is immaterial because the procedural due process requirements of the Fifth Amendment, not those of "a detention statute or an implementing regulation," provide the "governing standard . . . ." *Pham v. Becerra*, 717 F. Supp. 3d 877, 887 (N.D. Cal. 2024). Moreover, that Respondents revoked Petitioner's OSUP and detained him without any notice, in violation of Respondents' own regulations, "suggests that the procedures created by the regulatory framework have proven insufficient to meaningfully mitigate the risk of erroneous deprivation of liberty in this case." *Yang v. Kaiser*, No. 25-CV-2205, 2025 WL 2791778, at *9 (E.D. Cal. Aug. 20, 2025).

*Finally*, Respondents' argument that Petitioner's detention is not yet prolonged under *Zadvydas* is irrelevant. Dkt. 21 at 9. Petitioner was not detained under 8 U.S.C. § 1231(a), which, as noted, only applies to detention following a final order of removal. Indeed, the R&R does not invoke a prolonged-detention theory under *Zadvydas* as a basis for relief.

Independent of the review of and consideration of the foregoing objections, in considering the R&R, it has been determined that its recommendation that DHS bear the burden of proof at any future re-detention hearing should be amended to state expressly the burden of proof at such a proceeding. For the reasons stated in *Hernandez Urias v. Lyons*, No. 26-CV-02697, 2026 WL 1683497, at *2–3 (C.D. Cal. June 10, 2026), the appropriate burden of proof is clear and convincing evidence.

For the foregoing reasons, **IT IS ORDERED** the R&R is **ACCEPTED AND ADOPTED WITH MODIFICATIONS**. A corresponding Judgment will issue. The Clerk shall forthwith serve counsel in this action with a copy of this Order, the R&R, and the separately filed Judgment.

**IT IS SO ORDERED.**

Dated:  June 26, 2026

_____
John A. Kronstadt
United States District Judge

cc: Magistrate Judge David T. Bristow

8